

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Roy Loventhal, Chairman
Livestock Sanitary Commission
2002 W. T. Waggoner Building
Fort North 2, Texas

Opinion No. 0-6912

Re: No criminal penalty authorized for violation of regulations of Livestock Sanitary Commission designed to control the sale and distribution of Veterinary Biologics under Art. 1525b, V.A.I.C.; however, penalty is authorized for violations of Art. 192-1, V.A.C.S.

Dear Sir:

We have received your recent request for an opinion, and quote same as follows:

"The uncontrolled sale and distribution of Veterinary Biologics is not to the best interest of the livestock industry, and the problem of controlling the distribution of certain of these biologics is becoming one of increasing importance.

"Under authority conferred upon the Livestock Sanitary Commission in Article 1525-B, (Vernon's Annotated Criminal Statutes, Penal Code, Volume 3), the Commission may issue regulations designed to control the sale and distribution of such products. However, no penalty is provided in this section for failure to comply with such regulations.

"Before any regulations are issued on this subject, it will be appreciated if you will examine the article to which reference has been

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

made, and subsequent sections relating to live-
stock disease control, and advise this office
if in your opinion provisions of the other sec-
tions are applicable and if penalties can be
assessed for violation of regulations designed
for this purpose."

Article 1525b, Vernon's Annotated Criminal Stat-
utes of Texas, Penal Code, which was enacted by the 41st
Legislature at its First Called session in 1929, provides
in respect to veterinary biologics as follows:

"The said Commission (Livestock Sanitary
Commission) is hereby authorized to control
the sale and distribution of veterinary bio-
logics." (Matter in parentheses inserted by
us.)

We have read carefully the entire Act now contain-
ed in said Article 1525b, and we find no criminal penalty
authorized for violations of any rules, orders and regula-
tions of said Commission provided to control the sale and
distribution of veterinary biologics. The question of a
civil remedy to prohibit such violations is not involved
here.

However, in respect to subsequent laws on this
subject, we call to your attention the "Texas Livestock
Remedy Act," enacted in 1945 by the 45th Legislature (Art.
192-1, V.A.C.S.), to regulate the manufacture, sale, offer-
ing to sell, and labeling of livestock remedies; providing
for registration with State Health Officer; providing for
fees; providing for enforcement; providing penalties; allo-
cating fees and appropriating funds. This Act empowers the
State Health Officer to promulgate and adopt reasonable
rules and regulations necessary to carry into effect the
full intent and meaning of such Act, and provides a penalty
for the violation of said Act.

Page 3 - Honorable Roy Loventhal

For your guidance in the providing of additional controls of this subject, we wish to point out that Article 7014a, Vernon's Annotated Civil Statutes of Texas (enacted by the 40th Legislature in 1927), provides as follows:

"No law of this State shall prevent any person from vaccinating, inoculating, or treading his own hogs or for any person employed as County Demonstration Agent from vaccinating, inoculating or treating any hogs in the county where he is employed with hog cholera virus or serum or other remedy; or dogs with any serum or virus that will prevent rabies, and any law in conflict with this Act is hereby repealed."

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By: Robert L. Lattimore Jr.

Robert L. Lattimore, Jr.
Assistant

RLL:gb



APPROVED
OPINION
COMMITTEE
BY CHAIRMAN